DAVIS, EXTRX. OF THE ESTATE OF LAWRENCE C. WALLACE, PLAINTIFF-APPELLEE, *v.* WALLACE ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Belmont County.

No. 978.   Decided May 31, 1962.

*Messrs. Jones & Hawkins* and *Mr. David H. James*, for plaintiff-appellee.
*Mr. C. C. Sedgwick*, for defendant-appellant.

GRIFFITH, J.   This is an appeal on questions of law only from a judgment of the Probate Court of Belmont County.

The appeal is from a declaratory judgment wherein that court declared Items 2 and 3 of the last will and testament of Lawrence C. Wallace, deceased, were revoked by operation of law.

The action was commenced by the executrix.

Lawrence C. Wallace died on the twenty-first day of May, 1959. The deceased at the time of his death was the owner in fee simple of five separate parcels of real estate in Belmont County.

The executrix, Vivian Earleen Davis, is the daughter of the deceased by his first wife.

In 1949 Lawrence C. Wallace married Dora Wallace, the defendant in this action. On the twentieth day of July, 1953, he filed his action against the defendant, Dora Wallace, in the Court of Common Pleas of Belmont County praying for divorce and settlement of their property rights. The defendant, Dora Wallace, was duly served with summons and filed her answer and cross petition in said action praying for alimony therein. On the twenty-seventh day of November, 1953, the Court of Common Pleas of Belmont County found the defendant guilty of gross neglect of duty and granted said Lawrence C. Wallace a divorce from the defendant, Dora Wallace, and ordered him to pay to the defendant, Dora Wallace by way of property settlement the sum of $300.00. That part of the journal entry which is of importance to the present action reads as follows:—

"It is further ordered and adjudged that plaintiff pay to defendant, by way of property settlement the sum of $300.00, and that the real estate of the plaintiff, together with the household goods in his home at the time of his marriage to defendant, together with the household furnishings and equipment purchased by him and now at his home, shall remain the property of plaintiff."

This journal entry, which was approved by counsel for the plaintiff and counsel for the defendant and the trial judge, was duly spread on the records of that court.

The answer of Dora Wallace in the instant declaratory judgment action challenged the jurisdiction of the Probate Court to hear the matter.

The Probate Court proceeded to hear the case on the amended petition of the plaintiff, the answer of Dora Wallace, and the reply thereto, and found that Lawrence C. Wallace was granted a divorce from Dora Wallace in 1953, and that the divorce was coupled with a full settlement of the property rights, and declared that by virtue of the settlement of the property rights in 1953 the provisions in Items 2 and 3 of the will

giving and bequeathing and devising certain property to the defendant, Dora Wallace, were revoked by operation of law, and declared that the items in the will were null and void.

It is from this judgment that Dora Wallace filed her notice of appeal.

It appears to this court that there are two important questions presented. First, did the Probate Court have jurisdiction to hear this matter and enter the declaratory judgment?

This first question is answered by Section 2107.46, Revised Code, which reads as follows:—

"Any fiduciary may maintain an action in the probate court or the court of common pleas against creditors, legatees, distributees or other parties and ask the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered and the rights of the parties in interest.

"If any fiduciary fails for thirty days to bring such action after a written request from a party in interest, the party making such request may institute the suit."

We think this section confers complete and specific authority on the Probate Court to hear and determine the matter. The supreme court in the case of *Younker* v. *Johnson*, 160 Ohio St., 409, is authority for the court exercising jurisdiction.

The second question presented is whether or not the divorce decree revoked by operation of law Item 2 and Item 3 of the will.

The appellant urges that the Probate Court committed an abuse of discretion in admitting the will to probate, and committed reversible error in its ruling as to the effect of the divorce action on Items 2 and 3 of the will.

We believe that the case of *Younker* v. *Johnson*, 160 Ohio St., 409, is binding authority on the Probate Court to rule as it did, and that the ruling is a complete and positive answer to the second question presented.

The Probate Court clearly was correct in its conclusion, and we find no other errors assigned in this case that are prejudicial to the rights of Dora Wallace, and the judgment of the Probate Court must be and hereby is affirmed.

BROWN, P. J., and DONAHUE, J., concur.